UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1: 20-cv-23857 -BLOOM/LOUIS

KENRON MORGAN,

     Plaintiff,

v.

CARNIVAL CORPORATION,

     Defendant.

_____/

**ORDER**

**THIS CAUSE** comes before the Court upon Defendant's Motion to Compel Plaintiff's

Medical Provider to Comply with Subpoena and produce medical records (ECF No. 18). This matter

was referred to the undersigned United States Magistrate Judge by the Honorable Beth Bloom, United

States District Court Judge for the Southern District of Florida, for disposition of all discovery matters

(ECF No. 9).  Having reviewed the Motion, and being otherwise duly advised on the matter, the Court

hereby **DENIES** the Motion to Compel.

Defendant seeks to compel compliance with a subpoena to obtain medical records issued to a

non-party medical provider, The LinkSpine and Sports Center, located in Cleveland, Ohio (ECF No. 18).

As initial matter, the Motion to Compel is facially deficient as it fails to properly certify conferral with

the subpoena recipient who may be affected by the relief sought in instant Motion. Rule 7.1(a)(3) of the

Local Rules of the United States District Court for the Southern District of Florida requires that counsel

for the moving party certify that he or she has conferred, or made reasonable effort to confer, "with all

parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to

resolve the issues raised in the motion and has been unable to do so." Though Defendant here avers that

the subpoena recipient was not responsive to its attempts to confer, those efforts are not described in the

Motion. A court may deny a motion on a party's failure to confer alone. S.D. Fla. L.R. 7.1(a)(3).

Relatedly, Defendant has attached neither a copy of the subpoena nor proof of service of same,

depriving this Court of foundational information it would need to compel compliance with the subpoena.

For example, it appears from the Motion that this is not the Court that may enforce the subpoena, which

apparently is directed to an entity in Cleveland, Ohio. Federal Rule of Civil Procedure 45(d)(2)(B)(i)

states that "[a]t any time, on notice to the commanded person, the serving party may move the court for

the district where compliance is required for an order compelling production or inspection." With respect

to a subpoena seeking the production of documents, the place of compliance must be within 100 miles

of where the subpoena recipient "resides, is employed, or regularly transacts business in person." Fed.

R. Civ. P. 45(c)(1)(A). Defendant has failed to provide a copy of the subpoena to be enforced or identify

the place where compliance is required. The Court cannot determine from Defendant's Motion that the

Court has authority to compel compliance. *See Brady v. Lee*, No. 14-23307-MC, 2014 WL 12580025,

at *2 (S.D. Fla. Oct. 29, 2014) (finding that the court did "not have the authority" to enforce a subpoena

that required compliance in the Middle District of Florida).

Lastly, Defendant failed to provide any proof of service upon The LinkSpine and Sports Center.

Thus, Court is also in the dark as to whether the subpoena was properly served. This too effects the

Court's ability to enforce the subpoena, for "[a] court lacks the authority to enforce a subpoena that was

not properly served on a non-party." *C&K Grocery LLC v. Beauchamp*, No. 11-81149-CIV, 2012 WL

13134567, at *2 (S.D. Fla. Nov. 20, 2012). Defendant avers only that the subpoena was dated January 5,

2021, but offers no proof of service or when compliance was required.[1] Because the Court cannot

---

[1] If the subpoena was served in January, the Motion would appear to be untimely. S.D. Fla. L.R. 26(g)(1).

determine whether it has authority to enforce the subpoena at issue, Defendant's Motion to Compel

Plaintiff's Medical Provider to Comply with Subpoena (ECF No. 18) is **DENIED**, without prejudice.

**DONE AND ORDERED** in Chambers this on this 14th day of May, 2021.

_____
LAUREN F. LOUIS
**UNITED STATES MAGISTRATE JUDGE**