UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1: 20-cv-23857-BLOOM/LOUIS

KENRON MORGAN,

      Plaintiff,

v.

CARNIVAL CORPORATION,

      Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court upon Plaintiff's Motion to Compel (ECF No. 25). Defendant filed a Response (ECF No. 28), which represents agreement in most respects with the relief sought by Plaintiff, and Plaintiff further filed a Reply (ECF No. 29). A hearing was held on the sole remaining dispute on July 20, 2021, at which time the Motion was granted, as follows.

This action arises from an October 2019 incident in which Plaintiff sustained injuries after falling down the stairs aboard Defendant's vessel, Carnival Sunshine. Plaintiff alleges that the ship's captain made an aggressive turn without warning, causing the ship to have lurched or listed and in turn causing Plaintiff to fall down the stairs. Plaintiff contends that Defendant failed to warn Plaintiff, in contravention of its own policies and procedures, of dangerous weather and seas conditions about which Defendant had knowledge.

1

Plaintiff moves to compel[1] "data recorded by the Voyage Data Recorder for the six hours prior to the subject incident as well as six hours following the subject incident." The Voyage Data Recorder, as explained at the hearing, is tantamount to the "blackbox" on an airplane: it records everything occurring in real time on the ship's bridge, including audio. Defendant objects to the request on the ground that the information being sought is overbroad, irrelevant, imposes a burden not proportional to the needs of this case, and beyond the permissible scope of discovery (ECF No. 28).  As noted in its Response, Defendant avers that the data is voluminous and difficult to extract. Defendant further contends that to the extent the request seeks relevant information, such as the ship's position, date, time, speed, and track the vessel's heading, Defendant has already produced this information by producing the vessel's navigational logs (*id.*). Plaintiff maintains that the requested information is relevant, but primarily argues that Defendant's objections, which are generic and conclusory, should be overruled on the basis that Defendant has not substantiated its assertion of burden. Plaintiff also represents that the navigational logs are not sufficient to satisfy the request and do not contain duplicative or cumulative data as compared to the Voyage Data Recorder (ECF No. 29).

At the hearing, Plaintiff demonstrated the relevance of the data contained within the Voyage Data Recorder, conceding, however, that the span of data he would request could be limited to no more than 90 minutes' worth of data surrounding the incident. Turning then to Defendant's objections to producing the data, the Court agrees with Plaintiff's characterizations: the objections, reiterated without meaningful elaboration in Response to the Motion, lack any description of the data or the process entailed to collect the requested data, and certainly advance no evidence to substantiate Defendant's claim of burden. At the hearing, counsel endeavored to substantiate the objection and argue the disproportionality of the

---

[1] This is Plaintiff's Second Motion to Compel; the first was granted and Defendant was ordered to provide answers to Plaintiff's Interrogatories, having failed to respond at all to the requests months after they were served (ECF No. 22).

request, but ultimately revealed that all facts and circumstances attendant to the proffer related to a *different client*, and counsel *assumed* those facts would be the same for this client. Perhaps it is; the Court has no way of knowing either way, and Defendant—certainly in the best position to know—has failed to advance any facts on which this Court could make a finding with respect to the burden attendant to responding to Plaintiff's request for production *here*.

As such, Plaintiff's Motion to Compel is **GRANTED**. Defendant shall produce all data recorded by the Voyage Data Recorder for the 90 minutes surrounding the claimed incident.

An award of attorney's fees is mandatory under Rule 37(a)(5) to the party who prevails on a motion to compel, unless the court finds the objections to the discovery substantially justified or other circumstances that would render such an award unjust. Plaintiff is entitled to an award of its expenses unless Defendant intends to show that its position was substantially justified, or an award would be otherwise unjust. Plaintiff shall serve upon Defendant's counsel documentation in support of its fees and costs reasonably incurred in the briefing of, and attendance at the hearing on, this matter. After conferral with Defendant's counsel regarding any objections to the fees and costs sought, if any dispute persists over Plaintiff's demand, Plaintiff shall file, by no later than **August 3, 2021**, a memorandum in support of her fees demand, indicating any agreement reached with Defendant's counsel and supported by documentation of the expenses sought. Defendant may respond within 7 days of Plaintiff's filing.

**DONE AND ORDERED** the 23rd day of July, 2021 at Miami, Florida.

 

 

_____

LAUREN FLEISCHER LOUIS
UNITED STATES MAGISTRATE JUDGE